# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4273 | **DATE** | 5/8/2013 |
| **CASE TITLE** | Holmes v. Chandler | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Holmes's motion for appointment of counsel [18] is denied but his motion for an extension [17] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Ralph Holmes filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on May 24, 2012. Holmes also moved for appointment of counsel on that date. The Court denied this request without prejudice on September 5, 2012. Respondent Nedra Chandler responded to the petition on November 29, 2012. On January 14, 2013, Holmes moved for and was granted a sixty-day extension of time to file a reply brief in support of his petition. Holmes now moves this Court for a second extension of time to file his reply in support of his petition. He also renews his motion for the appointment of an attorney to assist him. For the reasons set forth below, Holmes's motion for appointment of counsel is denied but his motion for an extension is granted.

The decision of whether to appoint counsel in a § 2254 proceeding is left to the sound discretion of this Court. *See Mitchell v. U.S.,* 359 F.2d 833, 835 (7th Cir. 1966). For a petitioner whose case does not involve the death penalty, there is no statutory or constitutional entitlement to the appointment of counsel in a § 2254 proceeding. *See Pitsonbarger v. Gramley,* 141 F.3d 728, 737 (7th Cir. 1998); *Kitchen v. United States,* 227 F.3d 1014, 1018 (7th Cir. 2000). However, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254 where (1) the petitioner is financially eligible; and (2) appointment is necessary for effective utilization of discovery procedures, an evidentiary hearing is required, or if the "interests of justice so require." 18 U.S.C. § 3006A(a)(2); Rules 6(a) & 8©, Rules Governing Section 2254 Cases in the United States District Courts. Counsel may also be appointed pursuant to 28 U.S.C. § 1915(e), which requires (1) a threshold inquiry into the indigent's efforts to secure counsel; and (2) a determination of whether, given the difficulty of the case, the petitioner appears competent to litigate the case himself. *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas,* 990 F.2d 319, 321-22 (7th Cir. 1993)).

A petitioner seeking appointment of counsel under 18 U.S.C. § 3006A must demonstrate financial eligibility.

| STATEMENT |
|---|

*See* 18 U.S.C. § 3006A(a)(2). Although Holmes attached a financial affidavit to his original Motion to Proceed *In Forma Pauperis,* which he filed in May 2012, he has not submitted a new financial affidavit or any other documentation related to his financial status with his renewed motion for appointment of counsel. Without an up-to-date financial affidavit and certificate verifying the funds and average monthly deposits in his bank account over the past six months, this Court is unable to determine whether Holmes is still financially eligible for appointment of counsel under 18 U.S.C. § 3006A.

However, even assuming that Holmes remains sufficiently impoverished and unable to afford private counsel, appointment of counsel is not appropriate at this time because Holmes has not shown a need for additional discovery, an evidentiary hearing or demonstrated that the "interests of justice" require appointment in this case. Indeed, the Court's preliminary review of the petition and response revealed that most of Holmes's grounds are procedurally defaulted because he failed to present those grounds through a complete round of Illinois's established appellate review process. As a result, there is likely very little that an appointed attorney could do to assist Holmes.

Even if the majority of Holmes's grounds for relief did not appear to be procedurally defaulted, the Court would not find that Holmes is unable to obtain justice without a lawyer. When determining whether a petitioner is capable of representing themselves, "the question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt,* 503 F.3d at 655 (quoting *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006)). Rather, the question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Here, Holmes's grounds for relief are not particularly complex and are unlikely to require further discovery, hearings or procedural maneuvering. Moreover, Holmes has already put forth his substantive arguments in his Memorandum of Points and Authority. The only pending action required of Holmes in this case is the filing of a reply brief, which is "neither required by the Constitution nor essential for appellate review." *Malizzio v. U.S.,* 46 F.3d 1133, at *5 (7th Cir. 1995) (citing *United States v. Birtle,* 792 F.2d 846, 848 (9th Cr. 1986)). Accordingly, Holmes's motion for appointment of counsel is denied.

However, based on Holmes's representation that he has been unable to obtain adequate time in the prison library to prepare his reply brief, the Court grants Holmes's motion for an extension of time to file his reply brief. However, no further extensions will be granted. Accordingly, Holmes's reply brief is due on June 14, 2013.